UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FERMIN CIPRIAN                         :
                                       :
        v.                             :        C.A. No. 15-045ML
                                       :
THE CITY OF PROVIDENCE, et. al.        :


**REPORT AND RECOMMENDATION FOR**
**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge


**Background**

        Pending before me for determination is Plaintiff Fermin Ciprian's Application to Proceed

In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915.  On February 10, 2015,

Plaintiff filed a pro se Complaint in this Court against the City of Providence and various other

Defendants alleging breach of contact and breach of duty pursuant to Section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185.  Plaintiff's Complaint was accompanied by an

Application to Proceed IFP without being required to prepay costs or fees, including the $400.00

civil case filing fee.  Plaintiff was Ordered to submit a Supplemental Affidavit (Document No. 3)

so that the Court could fully evaluate his IFP Application.  After reviewing Plaintiff's Application

and Supplemental Affidavit (Document No. 4) signed under penalty of perjury, I conclude that

Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed

IFP (Document No. 2) is GRANTED.

        Having granted IFP status, this Court is required by statute to further review Plaintiff's

Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or

malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against

a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**Facts**

This is Plaintiff's second Complaint filed in this Court concerning his termination as a tenured physical education teacher at a public high school in Providence. In his previous action, C.A. No. 12-651-ML, Plaintiff brought claims of discrimination based on his "membership in a protected class" and retaliatory action pursuant to Title VII of the Civil Rights Act of 1964 and the Rhode Island Civil Rights Act ("RICRA"). Plaintiff's claims in that case were denied and dismissed and his case was closed on April 15, 2014.

The factual underpinnings of the present case are the same as those presented in his previous action, and need not be recited in detail. The Court will instead focus on the facts that are pertinent to the recommendation to dismiss this action. Plaintiff's Complaint alleges that he was suspended from his job for the 2008-2009 school year and then terminated the following year. (Document No. 1 at ¶ 10). He alleges that he filed many grievances while his employment was suspended, but that the Union did not process or arbitrate his grievances, but instead "held" them "until a resolution was made" concerning his employment. Id. ¶ 21. He claims that the School Department's failure to process his grievances was a violation of his Collective Bargaining Agreement (CBA) and that the Union's attorney conspired with the School Department to "waive issues that were grievance[s]...to pave the way for Plaintiff's termination." Id. ¶ 23. Plaintiff alleges that the actions of the Union constituted a breach of its duty of fair representation which resulted in him having difficulty surmounting a defense "during the School Board hearings and the Department of Education De

Novo hearings." Id. ¶ 28. Plaintiff asserts that if his grievances had been processed, he "would have been exonerated of any wrongdoing and would have been placed back to work." Id. ¶ 64. Plaintiff notes that he "had no knowledge of the breach of this contract until..." "February 10, 2012 [when] Dr. Tomas Ramirez, who was in charge of processing grievances for the School Department, testified that he mutually held the Plaintiff's grievances until a resolution was made on the Plaintiff's employment." Id. ¶ 21.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). At the same time, the court need not credit bald assertions or unverifiable conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (internal quotations omitted). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under § 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have

upheld dismissals under § 1915 because of other affirmative defenses appearing on the face of a complaint, see, e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir.1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff alleges a violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff's claim is untimely and legally insufficient.  First, as to timeliness, the applicable statute of limitations is six months.  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 172 (1983). The crucial question, then, is when Mr. Ciprian's claim accrued, i.e., when the clock began to tick on the six-month limitation period.  In Arriaga-Zayas v. Int'l Ladies' Garment Workers' Union – Puerto Rico Council, 835 F.2d 11, 13 (1st Cir. 1987), the First Circuit held that "[a] cause of action in a hybrid Section 301/fair representation suit arises when the plaintiff knows, or reasonably should know, of the acts constituting the union's alleged wrongdoing."  See also Demars v. Gen. Dynamics Corp., 779 F.2d 95, 97 (1st Cir. 1985) (claim accrued when union withdrew grievance).  In his Complaint, Plaintiff clearly states that he "had no knowledge" of the alleged breach of contract by the School Department until "Dr. Tomas Ramirez...testified that he mutually held the Plaintiff's grievances until a resolution was made on the Plaintiff's employment." Id. ¶ 21.  He also states that "on this same

date" the Union's attorney conspired with the School Department's attorney to waive certain grievances. Plaintiff's Complaint indicates that the date when he learned of the alleged breaches was February 10, 2012. Id. Accordingly, since Plaintiff filed his Complaint in this Court or about February 10, 2015, his claim was not timely filed and must be dismissed.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), I further recommend that Plaintiff's Complaint be DISMISSED, with prejudice, as untimely.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 2, 2015