UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


FERMIN CIPRIAN,

    v.                                                                  C.A. No. 15-045-ML

THE CITY OF PROVIDENCE, JAMES J.
LOMBARDI, in his capacity as
Treasurer of the City of Providence, THE
PROVIDENCE SCHOOL DEPARTMENT,
SUSAN F. LUSI, in her capacity as Superintendent
of Schools for City of Providence, DR. TOMAS
RAMIREZ, in his capacity as Human Resource
Administrator of Schools for City of Providence,
DENNIS SIDOTI, in his capacity as the labor relations,
THE PROVIDENCE SCHOOL BOARD,
Keith Oliveira, in his capacity as Board
President, THE PROVIDENCE TEACHERS UNION
LOCAL 958, Paul Vorro, in his capacity as Executive
Director of the Providence Teachers Union


**MEMORANDUM AND ORDER**

    This is the second case the Plaintiff, Fermin Ciprian ("Ciprian"), has brought in connection with the 2008-2009 suspension and eventual termination from his position as a teacher at a public high school in the City of Providence (the "City"). Ciprian's first case, asserting claims against the City[1] for employment discrimination and retaliatory action was dismissed as

---

[1] Ciprian also filed claims against various members of the Providence School Board. Those claims were dismissed on March 31, 2014 for failure to effect proper service.

1

untimely on April 15, 2014. Ciprian v. City of Providence et al., C.A. No. 12-651-ML, Dkt. Nos. 25, 26.

After that case had been closed, Ciprian filed the instant action against the City and the Providence Teachers Union Local 958 (the "Union"), based on the same underlying facts, but asserting claims for breach of contract and breach of duty of fair representation pursuant to Section 301 of the National Labor Relations Act, ("NLRA"), 29 U.S.C. § 185. Ciprian v. The City of Providence, C.A. No. 15-045-ML. In addition, Ciprian filed a motion for leave to proceed *in forma pauperis* ("IFP"), Dkt. No. 3, which was referred to United States Magistrate Judge Lincoln D. Almond pursuant to 28 U.S.C. § 1915. Docket Entry 03/17/15.

The matter is before the Court on the objection by Ciprian to a Report and Recommendation ("R&R") issued by Magistrate Judge Almond in the above-captioned case on April 2, 2015. After he granted Ciprian's IFP motion, the Magistrate Judge then *sua sponte* reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended that the case be summarily dismissed because it failed to state a claim upon which relief may be granted. Specifically, Judge Almond concluded in the R&R that Ciprian's NLRA claims were time-barred because the case was filed more than six months after the cause of action accrued. R&R at 4, Dkt. No. 5.

On April 21, 2015, one day after any objections to the R&R were due, Ciprian filed his response, Dkt. No. 6. The Court has

reviewed the R&R and Ciprian's objections thereto. Ciprian's untimely response asserts, *inter alia*, that he was unaware of the six-month time limitations for bringing a suit under Section 301 of the NLRA; that the statute of limitations had not yet run because he believed that he had not yet exhausted his administrative remedies; and that he had been misadvised by an attorney he sought to engage in April 2012 (but who did not represent Ciprian in either of the two cases brought in this Court.) Pltf.'s Obj. to R&R at 2-6. Ciprian does not contest, however, the findings on which Magistrate Judge Almond based his recommendation for summary dismissal of this case: (1) that Ciprian became aware of the alleged breaches by the City and the Union on February 10, 2012; and (2) that Ciprian's claim regarding those alleged breaches was not filed until February 10, 2015, three years after the action accrued, Dkt. No. 1.

It is well established that "a six-month statute of limitations applies to 'hybrid' actions, and that the clock start[s] ticking when the prospective plaintiff[] knew, or reasonably should have known, of the alleged wrongful acts." Adorno v. Crowley Towing and Transport Co., 443 F.3d 122, 126 (1st Cir. 2006). Accordingly, the findings and recommendation of Magistrate

Judge Almond are accepted pursuant to Title 28 U.S.C. § 636(b)(1). The complaint is DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §1915(e)(2).

SO ORDERED.

<u>/s/ Mary M. Lisi</u>

Mary M. Lisi
United States District Judge

April 23, 2015